# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| United States of America<br>v.<br>Mathew J. Brown<br><br>*Defendant* | )<br>)<br>) Case No. 12- 104 M<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __07/17/2012__ in the county of __New Castle__ in the _____ District of __Delaware__, the defendant violated __18__ U. S. C. § __922(g)(1)__, an offense described as follows:

Possesion of a Firearm by Prohibited Person

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Steven Parrott, ATF Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __07/17/2012__

_____
*Judge's signature*

City and state: __Wilmington, Delaware__    Hon. Christopher J. Burke, U.S. Magistrate Judge
*Printed name and title*

FILED 2012 JUL 18 PM 1:29 CLERK, U.S. DISTRICT COURT DISTRICT OF DELAWARE

## AFFIDAVIT OF STEVEN PARROTT

1. Your affiant is Steven Parrott. Your affiant is a Special Deputy U.S. Marshal and is currently assigned as a Task Force Officer to the Wilmington, Delaware office of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Your affiant has been a police officer for the City of Wilmington, Delaware for fourteen years. Prior to your affiant's employment with the City of Wilmington, Delaware your affiant was a sworn police officer for ten years working in other states. In all your affiant has twenty-four years of experience as a sworn police officer. Your affiant has attended and completed training in police/law enforcement academies in the states of Florida, Wyoming and Delaware. Your affiant has received training in the recognition of firearms and the investigation of firearms offenses at all three of these academies as well as regularly attending in-service training throughout your affiant's career. Your affiant has participated in the seizures of over ninety firearms and the investigation of a substantial number of firearm related offenses. In addition your affiant has participated in discussions about the facts and circumstances of firearms offenses with other police officers, including but not limited to local, state and federal officers, specific to their own knowledge, experience and training of such offenses.

2. Unless otherwise noted, the information in this affidavit is based on your affiant's personal knowledge and conversations with officers of the Delaware State Police and/or Special Agents of the ATF, including a Special Agent of the ATF who is specially trained in the investigation of firearms related incidents and the interstate nexus of firearms. Since this affidavit is being provided only for purposes of establishing probable cause, not all facts known to your affiant related to this investigation are included herein.

3. The seizure of all the below-listed evidence, and all pertinent below-listed events involving the defendant and Officers 1 and 2, took place on July 17th, 2012, in the City of Wilmington, State and District of Delaware, as stated below to me by one or more Delaware State Police Officers.

4. Your affiant reviewed the criminal history information for the Defendant Mathew Brown from the Delaware Criminal Justice Information System and learned that the defendant had been convicted of the following crimes for which the maximum penalty is imprisonment in excess of one year: Robbery 2nd Degree and Conspiracy 2nd Degree, convicted on or about 01/29/2009; Theft $1,000 or greater, convicted on or about 05/24/2006; Possession With Intent to Deliver a Narcotic Schedule II Controlled Substance, convicted on about 03/01/2006. All of the convictions occurred in the Superior Court of the State of Delaware in and for New Castle County.

5. Your affiant spoke to a Delaware State Police officer herein referred to as Officer 1. Officer 1 stated the following: Officer 1 and his partner, herein after referred to as Officer 2, were working in uniform in a marked police car. The officers had occasion to stop a vehicle for a violation of the motor vehicle code.

6. Officer 2 stated the following: Officer 2 made contact with the driver of the vehicle in question, who was eventually found to be the defendant, Mathew Brown. There was a female passenger in the front passenger seat of the car. The defendant did not have identification and on two different occasions he verbally identified himself to Officer 1, but both of those names were found to be false. The defendant eventually identified himself accurately and was arrested.

7. Officer 2 stated the following: After the defendant was arrested, the officers approached the female passenger. She provided identification and told the officers that the defendant had put something into her purse when the officers pulled them over. The officers looked into the purse and saw a handgun. The female said that the firearm must have been what the defendant put into her bag.

8. Officer 1 stated the following: Officer 1 asked the defendant about the firearm and he admitted that the firearm was his. Officer 1 gave the defendant his Miranda warnings and the defendant waived his rights and said that he had put the firearm into the passenger's purse.

9. Your affiant interviewed the defendant at Delaware State Police Troop 1. The defendant was reminded of his Miranda warnings and said that he understood his rights. He stated, among other things, that he had borrowed the car. He said that he discovered the firearm in the console area of the car after finding that the gearshift housing was loose. He stated that he found the firearm concealed under the housing, which was loose. He further stated that he picked up the female and told her about the firearm. He also said that when the officers pulled them over he put the firearm into the woman's purse.

10. Your affiant spoke to an ATF agent who has training and knowledge in the interstate nexus of firearms. The ATF agent stated that the seized handgun was manufactured in a state other than Delaware, and therefore would have had to cross state lines prior to its possession in Delaware, thereby affecting interstate commerce.

11. Your affiant viewed the seized firearm. It is a Firearms Limited Regent Model .22 caliber revolver, serial # 7970. It contained both a frame and a receiver and appeared, based on your affiant's training and experience, to be a "firearm" as defined under 18 U.S.C. 921(a)(3).

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant did possess in and affecting interstate and/or foreign commerce, a firearm, after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18 U.S.C., Sections 922(g)(1) and (924)(a)(2).

_____
Steven Parrott
Task Force Officer, ATF
Special Deputy US Marshal

Sworn to and subscribed in my presence this 18th day of July, 2012.

_____
Honorable Christopher J. Burke
United States Magistrate Judge

3